# Morgan Lewis

**Emily K. Wheeling**
Associate
+1.215.963.5876
emily.wheeling@morganlewis.com

November 17, 2023

**VIA ECF**

Honorable P. Kevin Castel
United States District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
Courtroom 11D
New York, NY 10007

Re: Brown v. Building Engines, Inc.
    No. 1:23-cv-06684 (PKC) [Related to No. 1:21-cv-10893 (PKC) (SDA)]

Dear Judge Castel:

We represent Defendant Building Engines, Inc. ("Building Engines") in the above-referenced action. Pursuant to Rule 5.B of Your Honor's Individual Practices in Civil Cases, Building Engines respectfully requests permission to file under seal two confidential Exhibits to its Motion to Dismiss Plaintiff's First Amended Complaint, which is being filed simultaneously with this Letter Motion. Exhibit A, which was sealed in the related action (Case No. 1:21-cv-10893), is the Agreement and Plan of Merger ("Merger Agreement") executed by and between Building Engines, Emergent Hudson Merger Sub, Inc., Emergent Properties Inc. d/b/a LogCheck ("LogCheck"), and Plaintiff Michael Brown ("Plaintiff"). Exhibit B is the confidential employment agreement executed by and between Plaintiff and Building Engines ("BE Offer"). Building Engines has conferred with Plaintiff, and Plaintiff consents to this request to seal the Merger Agreement and the BE Offer.

While "[t]here is a common law presumption in favor of permitting public access to judicial documents," a "court balances this common law presumption of access against competing comparisons, including the 'privacy interests of those resisting disclosure.'" *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649 (S.D.N.Y. 2011) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119, 120 (2d Cir. 2006)). To that end, competitively sensitive information should be protected against public disclosure if disclosure would cause significant and irreparable competitive injury. *See, e.g., Standard Inv. Chartered, Inc. v. Fin. Indus. Reg. Auth.*, 347 F. App'x 615, 617 (2d Cir. 2009) (finding that presumption of public access was overcome when disclosure would subject a party to financial harm and cause significant competitive disadvantage).

Courts routinely seal documents to prevent the disclosure of a party's competitive and confidential business information. *See, e.g., Rubik's Brand Ltd. v. Flambeau, Inc.*, No. 17-CV-6559 (PGG) (KHP), 2021 WL 1085338, at *1 (S.D.N.Y. Mar. 22, 2021) (granting motions to seal contracts

[Handwritten annotation by judge, right side of page:] Building Engines' conclusory allegations of harm from disclosure of the Merger Agreement and the employment agreement do not satisfy the Lugosch standards. It is a vastly overbroad request to seal the entirety of documents with no support for the claim of harm other than the parties say so. Application DENIED. SO ORDERED. [signature] USDJ 11-21-23

---

**Morgan, Lewis & Bockius LLP**

2222 Market Street
Philadelphia, PA  19103          ☎ +1.215.963.5000
United States                    ✆ +1.215.963.5001

Honorable P. Kevin Castel
November 17, 2023
Page 2

containing confidential information that risked competitive harm to the parties' business); *PDV Sweeny, Inc. v. ConocoPhillips Co.*, No. 14-cv-5183 (AJN), 2014 WL 4979316, at *3 (S.D.N.Y. Oct. 6, 2014) (granting motion to seal "with respect to those documents . . . containing sensitive commercial information affecting the parties' ongoing relationship").

Here, Building Engines seeks to seal the Merger Agreement and BE Offer because both contain commercially-sensitive and confidential business information. The Merger Agreement includes non-public, bargained-for terms, and the BE Offer contains non-public compensation and benefits information. The disclosure of such information would likely result in future competitive harm to Plaintiff, Building Engines, and Building Engines' parent company, Jones Lang LaSalle, Inc. There is no benefit to the public from disclosure of the confidential information sought to be sealed. Thus, the competitive disadvantage that would result from not sealing the Merger Agreement and BE Offer outweighs the interest of the public, including competitors, of viewing the Merger Agreement's specific terms. *Lugosch*, 435 F.3d at 120.

Accordingly, Building Engines respectfully requests, and Plaintiff does not oppose, that the Court grant its request to file Exhibits A and B to the Motion to Dismiss under seal. We thank the Court for its attention to this matter.

Respectfully,

*/s/ Emily K. Wheeling*
Emily K. Wheeling

cc: All Counsel of Record (via ECF)